Vince M. Verde, Esq., CA SBN 202472
vince.verde@ogletreedeakins.com
Christopher W. Decker, Esq., CA SBN 229426
christopher.decker@ogletreedeakins.com
Angela Pak, Esq., CA SBN 240177
angela.pak@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
695 Town Center Drive, Suite 1500
Costa Mesa, CA 92626
Telephone:  714-800-7905
Facsimile:  714-754-1298

Attorneys for Defendant
HVM/LQ MANAGEMENT L.L.C.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| MARIA SANCHEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HVM/LQ MANAGEMENT, LLC, a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. SACV11-123 JAK (PJWx)<br><br>[Case Assigned to the Honorable John A. Kronstadt, Courtroom 750]<br><br>**STIPULATION RE PROTECTIVE ORDER**<br><br>Action Filed:  October 22, 2010<br>Trial Date:  None Set |

10859241_2

## 1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of material that a producing party contends is confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted, including but not limited to (1) proprietary procedures, manuals, and policies, (2) proprietary and confidential operations information, including agreements or specifications; (3) internal business or financial information; (4) confidential scientific and technical designs, formulations, and information; (5) the personnel files of non-party employees of Defendant; (6) the private information of present or former employees of Defendant, including putative class members, and (7) any other similar proprietary, confidential, or private information. The Parties expressly adopt the definition of "trade secrets," as set forth by California Civil Code section 3426.1, in this Stipulation Re Protective Order.

Good cause exists to protect each of the categories of documents identified above, as prejudice or harm to a Party or third party may result if no protective order is granted. In particular, business competitors of Defendant could obtain an unfair advantage, Defendant could be economically prejudiced, customers of Defendant could be economically prejudiced, and the privacy rights of Defendant's past and present employees could be violated if any of the confidential information identified above is published for purposes outside those permitted in this Stipulation Re Protective Order.  The Parties seek to avoid undue economic harm to the Parties and third parties resulting from complying with their discovery.  The purpose of this Stipulation Re Protective Order is to protect only the legitimately designated confidential business, employee and privacy protected information to be produced in this action from public disclosure.

Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation Re Protective Order. The Parties, and third parties designating documents for protection under this Order, acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it

1  affords extends only to the limited information or items that are entitled under the

2  applicable legal principles to treatment as confidential. The Parties further acknowledge, as

3  set forth in Section 10, below, that this Stipulation Re Protective Order creates no

4  entitlement to file confidential information under seal.

5  **2.     DEFINITIONS**

6       2.1.   Party: any party to this action, including all of its officers, directors,

7  employees, consultants, retained experts, and outside counsel (and their support staff).

8       2.2.   Discovery Material: all items or information, regardless of the medium or

9  manner generated, stored, or maintained (including, among other things, testimony,

10  transcripts, or tangible things) that are produced or generated in (a) required or voluntary

11  disclosures or (b) responses to discovery or other requests for information in this matter.

12       2.3.   "Confidential" Information or Items: information (regardless of how

13  generated, stored or maintained) or tangible things that qualify for protection under

14  provisions of Paragraph 1 and the standards developed under the Federal Rules of Civil

15  Procedure 34.

16       2.4.   "Highly Confidential – Attorneys' Eyes Only" Information or Items:

17  extremely sensitive "Confidential Information or Items" whose disclosure to another Party

18  or nonparty would create a substantial risk of serious injury that could not be avoided by

19  less restrictive means.

20       2.5.   Receiving Party: a Party that receives Discovery Material from a Producing

21  Party.

22       2.6.   Producing Party: a Party or non-party that produces Discovery Material in

23  this action.

24       2.7.   Designating Party: a Party or non-party that designates information or items

25  that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

26  Confidential — Attorneys' Eyes Only."

27       2.8.   Protected Material: any Discovery Material that is designated as

28  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" or that contains any

1    Private Material.

2        2.9.   Outside Counsel: attorneys who are not employees of a Party but who are
3    retained to represent or advise a Party in this action.

4        2.10.   House Counsel: attorneys who are employees of a Party.

5        2.11.   Counsel (without qualifier): Outside Counsel and House Counsel (as well as
6    their support staffs).

7        2.12.   Expert: a person with specialized knowledge or experience in a matter
8    pertinent to the litigation who has been retained by a Party or its counsel to serve as an
9    expert witness or as a consultant in this action and who is not a past or a current employee
10   of an adverse Party or of a competitor of an adverse Party's and who, at the time of
11   retention, is not anticipated to become an employee of an adverse Party or a competitor of
12   an adverse Party's. This definition includes a professional jury or trial consultant retained in
13   connection with this litigation.

14       2.13.   Professional Vendors: persons or entities that provide litigation support
15   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
16   organizing, storing, retrieving data in any form or medium; etc.) and their employees and
17   subcontractors.

18       2.14.   Private Material: any document or other Discovery Material that contains the
19   names and addresses of any current or former employees of Defendant.

20   **3.    SCOPE**

21       The protections conferred by this Stipulation Re Protective Order cover not only
22   Protected Material (as defined above), but also any information copied or extracted
23   therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
24   testimony, conversations, or presentations by parties or counsel to or in court or in other
25   settings that actually reveal Protected Material.

26   **4.    DURATION**

27       Even after the termination of this litigation, the confidentiality obligations imposed
28   by this Order shall remain in effect until a Designating Party agrees otherwise in writing or

1  a court order otherwise directs.

2  **5.    DESIGNATING PROTECTED MATERIAL**

3      5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each
4  Party or non-party that designates information or items for protection under this Order must
5  use good faith and take care to limit any such designation to specific material that qualifies
6  under the appropriate standards. A Designating Party must use good faith and take care to
7  designate for protection only those parts of material, documents, items, or oral or written
8  communications that qualify – so that other portions of the material, documents, items, or
9  communications for which protection is not warranted are not swept unjustifiably within
10  the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.
11  Designations that are shown to be clearly unjustified, or that have been made for an
12  improper purpose (e.g., to unnecessarily encumber or retard the case development process,
13  or to impose unnecessary expenses and burdens on other parties), expose the Designating
14  Party to sanctions.  If it comes to a Party's or a non-party's attention that information or
15  items that it designated for protection do not qualify for protection at all, or do not qualify
16  for the level of protection initially asserted, that Party or non-party must promptly notify all
17  other parties that it is withdrawing the mistaken designation.

18      5.2.   Manner and Timing of Designations. Except as otherwise provided in this
19  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or
20  ordered, material that qualifies for protection under this Order must be clearly so designated
21  before the material is disclosed or produced.  Designation in conformity with this Order
22  requires:

23          (a)    for information in documentary form (apart from transcripts of
24  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
26  conspicuously on each page that contains protected material. If only a portion or portions of
27  the material on a page qualifies for protection, the Producing Party also must clearly
28  identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

          (b)   for testimony given in deposition or in other pretrial or trial proceedings, that Designating Party, or if the Designating Party is not present the Party or non-party offering or sponsoring the testimony, identify on the record before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are

10859241_2

1  appropriately designated for protection within the 20 days shall be covered by the
2  provisions of this Stipulation Re Protective Order. Transcript pages containing Protected
3  Material must be separately bound by the court reporter, who must affix to the top of each
4  such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
5  ATTORNEYS' EYES ONLY," as instructed by the Party.

6            (c)     for information produced in some form other than documentary, and
7  for any other tangible items, that the Producing Party affix in a prominent place on the
8  exterior of the container or containers in which the information or item is stored the legend
9  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If
10 only portions of the information or item warrant protection, the Producing Party, to the
11 extent practicable, shall identify the protected portions, specifying whether they qualify as
12 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

13       5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure
14 to designate qualified information or items as "Confidential" or "Highly Confidential –
15 Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to
16 secure protection under this Order for such material. If material is appropriately designated
17 as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was
18 initially produced, the Receiving Party, on timely notification of the designation, must
19 make reasonable efforts to assure that the material is treated in accordance with the
20 provisions of this Order.

21 **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

22       6.1.    Timing of Challenges. Unless a prompt challenge to a Designating Party's
23 confidentiality designation is necessary to avoid foreseeable substantial unfairness,
24 unnecessary economic burdens, or a later significant disruption or delay of the litigation, a
25 Party does not waive its right to challenge a confidentiality designation by electing not to
26 mount a challenge promptly after the original designation is disclosed.

27       6.2.    Meet and Confer. A Party that elects to initiate a challenge to a Designating
28 Party's confidentiality designation must do so in good faith and must begin the process by

1    conferring directly (in voice to voice dialogue or by e-mail) with counsel for the
2    Designating Party. For any designation of "HIGHLY CONFIDENTIAL – ATTORNEYS'
3    EYES ONLY," the Designating Party shall, within five (5) court days following a request,
4    provide the Party challenging the designation with a written statement supporting its
5    contention why disclosure to another Party or nonparty would create a substantial risk of
6    serious injury that could not be avoided by less restrictive means including a designation as
7    "CONFIDENTIAL." If such statement is not timely provided, the material will be
8    automatically    reclassified    as    "CONFIDENTIAL."    In    conferring    regarding
9    "CONFIDENTIAL" designations, the Designating Party must explain in writing, within ten
10   (10) days following a request to justify a designation, the basis for its belief that the
11   confidentiality designation was proper or whether it will reconsider the circumstances and
12   change the designation.    A challenging Party may proceed to the next stage of the
13   challenge process only if it has engaged in this meet and confer process first.

14        6.3.    Judicial Intervention. A Party may challenge a confidentiality designation
15   after considering the justification offered by the Designating Party. Until the court rules on
16   the challenge, all parties shall continue to afford the material in question the level of
17   protection to which it is entitled under the Producing Party's designation.

18   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

19        7.1.    Basic Principles. A Receiving Party may use Protected Material that is
20   disclosed or produced by another Party or by a non-party in connection with this case only
21   for prosecuting, defending, or attempting to settle this litigation, and not for any business
22   purposes or in connection with any other litigation. Such Protected Material may be
23   disclosed only to the categories of persons and under the conditions described in this Order.
24   When the litigation has been terminated, a Receiving Party must comply with the
25   provisions of section 11, below (FINAL DISPOSITION). Protected Material must be
26   stored and maintained by a Receiving Party at a location and in a secure manner that
27   ensures that access is limited to the persons authorized under this Order.

28        7.2.    Disclosure of "CONFIDENTIAL" Information or Items. As detailed below,

10859241_2

7

1   the Court and its personnel are not subject to this Stipulation Re Protective Order.  Unless

2   otherwise ordered by the Court or permitted in writing by the Designating Party, a

3   Receiving Party may disclose any information or item designated CONFIDENTIAL only

4   to:

5          (a)     Receiving Party's Outside Counsel of record in this action, as well as

6   employees of said Counsel to whom it is reasonably necessary to disclose the information

7   for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound

8   by Protective Order" that is attached hereto as Exhibit A;

9          (b)     the officers, directors, and employees (including House Counsel) of

10  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

11  have signed the "Acknowledgment and Agreement to Be Bound by Protective Order"

12  (Exhibit A);

13         (c)     the officers, directors, and managers   (excluding putative class

14  members and, if a class is certified, all class members) of the Designating Party during

15  direct- or cross-examination during a deposition or trial, to whom disclosure is reasonably

16  necessary for this litigation;

17         (d)     Experts (as defined in this Order) of the Receiving Party to whom

18  disclosure is reasonably necessary for this litigation and who have signed the

19  "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

20         (e)     the Court and its personnel;

21         (f)     court reporters (court reporters employed by the Court are not subject

22  to this Stipulation Re Protective Order), their staffs, and professional vendors to whom

23  disclosure is reasonably necessary for this litigation and who have been informed that the

24  information is subject to a Protective Order and must remain confidential;

25         (g)     potential witnesses in the action to whom disclosure is reasonably

26  necessary and who have signed the "Acknowledgment and Agreement to Be Bound by

27  Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

28  depositions that reveal Protected Material must be separately bound by the court reporter

1  and may not be disclosed to anyone except as permitted under this Stipulation Re Protective
2  Order;

3        (h)    putative class members in the action to whom disclosure is reasonably
4  necessary and who have signed the "Acknowledgment and Agreement to Be Bound by
5  Protective Order" (Exhibit A); and

6        (i)    the author of the document, or the original source of the information or
7  Private Material and who has previously been shown the document by Producing Party.

8      7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
9  Information or Items. As detailed below, the Court and its personnel are not subject to this
10  Stipulation Re Protective Order. Unless otherwise ordered by the Court or permitted in
11  writing by the Designating Party, a Receiving Party may disclose any information or item
12  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

13        (a)    the Receiving Party's Counsel of record in this action, as well as
14  employees of said Counsel to whom it is reasonably necessary to disclose the information
15  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound
16  by Protective Order" that is attached hereto as Exhibit A;

17        (b)    the officers, directors, and managers (excluding putative class
18  members and, if a class is certified, all class members) of the Designating Party during
19  direct- or cross-examination during a deposition or trial, to whom disclosure is reasonably
20  necessary for this litigation;

21        (c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably
22  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to
23  Be Bound by Protective Order" (Exhibit A);

24        (d)    the Court and its personnel;

25        (e)    court reporters (court reporters employed by the Court are not subject
26  to this Stipulation Re Protective Order), their staffs, and professional vendors to whom
27  disclosure is reasonably necessary for this litigation and who have signed the
28  "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A); and

9

1        (f)     the author of the document or the original source of the information.

2    7.4.   Procedures for Disclosure of Protected Material to "Experts":

3        Unless otherwise ordered by the court or agreed in writing by the Designating

4 Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

5 information or item that has been designated Protected Material first must inform the

6 Designating Party that (1) Protected Material information will be provided to an Expert, (2)

7 that the Expert has executed Exhibit "A", (3) that the Receiving Party of the Protected

8 Material has the Expert's executed Exhibit "A" in its possession prior to the release of any

9 Protected Material information to the Expert; (4) and that the Expert has agreed not to

10 disclose the Protected Material to anyone who has not agreed to be bound by Exhibit "A."

11 Provided the Receiving Party complies with the provisions of this Paragraph 7.4, the

12 Receiving Party has no obligation to disclose the identify of any of its Experts (as defined

13 in this Order) pursuant to this Paragraph 7.4, but this Paragraph 7.4 shall not affect any duty

14 to disclose experts contained in applicable rules, by stipulation of the parties or order of the

15 Court.

16    7.5   Restrictions on Use of Private Materials.  The Private Materials shall not be

17 used for the purpose of contacting current employees of Defendant at work, nor shall

18 information from the Private Materials be revealed to the media.

19 **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

20       **IN OTHER LITIGATION**

21        If a Receiving Party is served with a subpoena or an order issued in other litigation

22 that would compel disclosure of any information or items designated in this action as

23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

24 Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if

25 possible) as soon as practicable, and each party will use its best efforts to provide this

26 notice within three court days after receiving the subpoena or order. Such notification must

27 include a copy of the subpoena or court order.  The Receiving Party also must make

28 reasonable efforts to inform in writing promptly the party who caused the subpoena or

1  order to issue in the other litigation that some or all the material covered by the subpoena or

2  order is the subject of this Protective Order. In addition, the Receiving Party must deliver a

3  copy of this Stipulation Re Protective Order promptly to the party in the other action that

4  caused the subpoena or order to issue. The purpose of imposing these duties is to alert the

5  interested parties to the existence of this Protective Order and to afford the Designating

6  Party in this case an opportunity to try to protect its confidentiality interests in the court

7  from which the subpoena or order issued. The Designating Party shall bear the burdens and

8  the expenses of seeking protection in that court of its confidential material – and nothing in

9  these provisions should be construed as authorizing or encouraging a Receiving Party in

10 this action to disobey a lawful directive from another court.

11 **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13 Protected Material to any person or in any circumstance not authorized under this

14 Stipulation Re Protective Order, the Receiving Party must immediately (a) notify in writing

15 the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

16 copies of the Protected Material, (c) inform the person or persons to whom unauthorized

17 disclosures were made of all the terms of this Order, and (d) request such person or persons

18 to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

19 Exhibit A.

20 **10.     FILING PROTECTED MATERIAL**

21         In the event that a Receiving Party files Protected Material in the public record in

22 this action, the Designating Party may bring an *ex parte* application and proposed order to

23 seal the Protected Material at any time. Each Party agrees that issues concerning the

24 sealing of any Protected Material may be resolved on an *ex parte* basis, and that they will

25 submit any opposition to such application within the time limits established by U.S.D.C.

26 Central District Local Rule 7-19 and any applicable procedures established by the judge

27 and/or magistrate assigned to hear the application. Each Party further waives any

28 requirement that the Designating Party provide notice of its application or motion to seal

1   Protected Material beyond that required by U.S.D.C. Central District Local Rule 7-19 and
2   any applicable procedures established by the judge and/or magistrate assigned to hear the
3   application.   Any application to seal Protected Material, whether by the party who files
4   such material or the Disclosing Party, shall be made in accordance with Federal Rule of
5   Civil Procedure 26(c)(1) and U.S.D.C. Central District Local Rule 79-5.

6   **11.   FINAL DISPOSITION**

7          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty
8   days after the final termination of this action and upon demand, each Receiving Party must
9   return all Protected Material to the Producing Party. As used in this subdivision, "all
10  Protected Material" includes all copies, abstracts, compilations, summaries or any other
11  form of reproducing or capturing any of the Protected Material. With permission in writing
12  from the Designating Party, the Receiving Party may destroy some or all of the Protected
13  Material instead of returning it. Whether the Protected Material is returned or destroyed, the
14  Receiving Party must submit a written certification to the Producing Party (and, if not the
15  same person or entity, to the Designating Party) by the sixty day deadline that identifies (by
16  category, where appropriate) all the Protected Material that was returned or destroyed and
17  that affirms that the Receiving Party has not retained any copies, abstracts, compilations,
18  summaries or other forms of reproducing or capturing any of the Protected Material.
19  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
20  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work
21  product, even if such materials contain Protected Material. Any such archival copies that
22  contain or constitute Protected Material remain subject to this Protective Order as set forth
23  in Section 4 (DURATION), above.

24  **12.   MISCELLANEOUS**

25         12.1.   Counsel agree to maintain a file of all Certifications (Exhibit A) required by
26  this Agreement.   The file containing the Certifications (Exhibit A) and the specific
27  Certifications therein shall not be available for review by opposing counsel absent
28  agreement of the parties or an order of the Court determining that there is a good faith basis

10859241_2

1   for the Certifications, or any part of them, to be reviewed.

2       12.2.  <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person

3   to seek its modification by the Court in the future.

4       12.3.  <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective

5   Order no Party waives any right it otherwise would have to object to disclosing or

6   producing any information or item on any ground not addressed in this Stipulation Re

7   Protective Order. Similarly, no Party waives any right to object on any ground to the use in

8   evidence of any of the material covered by this Protective Order.

9       12.4  <u>Agreement Binding On Party Upon Signature.</u>  Each Party agrees to be

10  bound by the terms of this Order regardless of whether it is approved by the Court. If the

11  Court rejects this Order, each Party agrees to enter into a revised Order containing any

12  modifications required by the Court or by applicable law. If the Parties are unable to

13  ascertain which modifications would make the Order acceptable to the Court, they shall

14  nonetheless remain bound by the terms of this Protective Order, even in the absence of its

15  approval by the Court.

16  **IT IS SO STIPULATED.**

17  Dated: August 25 2011        **JAMES HAWKINS APLC**

18

19                                      By: _____

20                                            Gregory Mauro, Esq.
                                          Attorneys for Plaintiff
                                          MARIA SANCHEZ

21

22  Dated: August 25, 2011       **OGLETREE, DEAKINS, NASH, SMOAK &**

23                                            **STEWART**

24

25                                      By: _____

26                                            Vince M. Verde, Esq.
                                          Christopher W. Decker, Esq.
                                          Angela Pak, Esq.

27                                            Attorneys for Defendant
                                        HVM/LQ Management L.L.C.

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
## BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation Re Protective Order and Order that was issued by the United Stated District Court for the Central District of California, on _____, in the case of *Maria Sanchez v. HVM/LQ Management L.L.C, et al..*, Case No. SACV11-123 JAK (PJWx). I agree to comply with and to be bound by all the terms of this Stipulation Re Protective Order and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation Re Protective Order and Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United Stated District Court for the Central District of California, for the purpose of enforcing the terms of this Stipulation Re Protective Order and Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation Re Protective Order and Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

10859241_2

**CERTIFICATE OF SERVICE**
Sanchez v. HVM/LQ Management, LLC et al.
**Case No. SACV11-123 JAK (PJWx)**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 400, Los Angeles, California 90071.

On August 25, 2011, I caused to be electronically filed the following document, described as:

**STIPULATION RE PROTECTIVE ORDER**

with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

James R. Hawkins, Esq.                    Counsel for Plaintiff
Gregory E. Mauro, Esq.                    MARIA SANCHEZ
JAMES HAWKINS APLC                        Tel.:   (949) 387-7200
9880 Research Drive, Suite 200            Fax:    (949) 387-6676
Irvine, CA 92618                          Email: james@jameshawkinsaplc.com
                                                 greg@jameshawkinsaplc.com

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 25, 2011, at Los Angeles, California.

_____Edith Munoz_____          _Edith Munoz_
Type or Print Name                      Signature

10859241.1 (OGLETREE)

10859241_1

Vince M. Verde, Esq., CA SBN 202472
vince.verde@ogletreedeakins.com
Christopher W. Decker, Esq., CA SBN 229426
christopher.decker@ogletreedeakins.com
Angela Pak, Esq., CA SBN 240177
angela.pak@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
695 Town Center Drive, Suite 1500
Costa Mesa, CA  92626
Telephone:  714-800-7905
Facsimile:   714-754-1298

Attorneys for Defendant
HVM/LQ MANAGEMENT L.L.C.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARIA SANCHEZ, as an individual and on behalf of all others similarly situated, | Case No. SACV11-123 JAK (PJWx) |
| Plaintiffs, | ~~[PROPOSED]~~ PROTECTIVE ORDER |
| vs. | |
| HVM/LQ MANAGEMENT, LLC, a Delaware Corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | |

1

10863399_1

1

2      **GOOD CAUSE APPEARING,** to protect the legitimately designated

3  confidential business, employee and privacy protected information to be produced in

4  this action from public disclosure;

5      The Stipulation Re Protective Order entered into by the parties on August 25,

6  2011, and filed August 25, 2011, is approved.

7

8

9      **IT IS SO ORDERED.**

10

11 Dated: _8/26/11_

      Hon. Patrick J. Walsh
12      Magistrate Judge
       Central District of California

13

14 10863399.1 (OGLETREE)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
[PROPOSED] PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**
Sanchez v. HVM/LQ Management, LLC et al.
**Case No. SACV11-123 JAK (PJWx)**

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles in the office of a member of the bar of this court at whose direction the service was made. My business address is 400 South Hope Street, Suite 400, Los Angeles, California 90071.

On August 25, 2011, I caused to be electronically filed the following document, described as:

**[PROPOSED] PROTECTIVE ORDER**

with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

James R. Hawkins, Esq.
Gregory E. Mauro, Esq.
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618

Counsel for Plaintiff
MARIA SANCHEZ
Tel.: (949) 387-7200
Fax: (949) 387-6676
Email: james@jameshawkinsaplc.com
greg@jameshawkinsaplc.com

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 25, 2011, at Los Angeles, California.

_____Edith Munoz_____
Type or Print Name

~~Edith Munoz~~
Signature

10534293.5 (OGLETREE)