James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
Gregory E. Mauro, Esq. SBN 222239
greg@jameshawkinsaplc.com
**JAMES JH   HAWKINS, APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff, MARIA SANCHEZ,
on behalf of herself and all others similarly situated

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MARIA SANCHEZ, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>HVM/LQ MANAGEMENT, LLC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 8:11-cv-00123-JAK-PJW<br><br>The Honorable John A. Kronstadt<br><br><u>CLASS ACTION</u><br><br>REVISED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT<br><br><br>Date: September 24, 2012<br>Time: 8:30 a.m.<br>Courtroom: 750-7th Floor |

- 0 -

**REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS**

**ACTION SETTLEMENT AND JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   This matter came on for hearing on September 24, 2012 at 08:00 a.m., in Courtroom 750 of the above-captioned Court on Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Attorneys' Fees, Costs and Enhancement Award.  In accordance with the preliminary approval order, Class Members were given notice of the terms of the Settlement and particularly of the fact that each Class Member would receive their proportionate share of the settlement proceeds, automatically, and without a claim form, unless a request for exclusion was timely submitted.  Class Members were given the opportunity to request exclusion, comment upon or object to it or any of its terms. Having received and considered the proposed Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement heard on June 11, 2012 and granted on June 20, 2012, the Court grants final approval of the Settlement and HEREBY ORDERS THE FOLLOWING DETERMINATIONS:

   1.   Pursuant to the Order Granting Preliminary Approval of Class Action Settlement filed June 20, 2012, a Notice describing the settlement was mailed to each member of the Class via first-class U.S. Mail. The Notice informed the Class of the terms of the Settlement, their right to receive their proportional share of the Settlement automatically, without a claim form, of their right to request exclusion, of their right to comment upon or object to the Settlement, and of their right to appear in person or by counsel at the final approval hearing and to be heard regarding approval of the Settlement. Adequate periods of time were provided for each of these procedures.  As a part of this notice process, only eight (8) Class Members requested exclusion and no objections or notices of intention to appear

- 1 -

**REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**

at the final approval hearing were filed and/or served on Counsel for the Parties.

2.    The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of the Class.  The Court finds and determines that the notice to the class as was provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3.    The Court further finds and determines that the terms of the Settlement is fair, reasonable and adequate to the Class and that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

4.    The Court finds and determines that Settlement payments to be paid to all members of the Class who did not request exclusion as provided for by the Settlement is fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts to the participating Class Members in accordance with the terms of the Settlement Agreement.

5.    The Court finds and determines that the payment to be paid to the California Labor and Workforce Development Agency to satisfy alleged Labor Code violations pursuant to the California Labor Code's Private Attorneys General Act of 2004 ("PAGA") in the sum of $18,750 is fair and reasonable.  The Court hereby grants final approval to and orders the payment to Labor and Workforce Development Agency in accordance with the terms of the Settlement Agreement.

6.    The Court determines that the Class Representative enhancement award payment to Plaintiff Maria Sanchez in the sum of $5,000 for the initiation of this action, work performed, risks undertaken taken for

- 2 -

**REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**

the payment of Defendant's costs in the event this action were lost, for the potential stigma which may be associated with the initiation of this class action on future employment opportunities, as well as for the giving of a general release of all claims arising out of her employment, is fair and reasonable and orders payment to be made in accordance with terms of the Settlement Agreement.

7.     The Court finds that Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class is entitled to a fee and accordingly, the Court approves the application of Class Counsel for $400,000.00 for their attorneys' fees, and $9,469.77 for their litigation expenses.  The $100,000 difference between the requested $500,000 in attorneys' fees and the $400,000 awarded by the Court shall revert to the class members to be allocated under the terms of the Final Settlement Agreement.

8.     The Court further approves payment of the fees and costs of the appointed claims administrator, Simpluris, Inc., of $24,000 for services rendered and to be rendered in connection with the completion of its duties pursuant to the terms of the Settlement.

9.     Defendant shall deliver the Class Settlement Amount of $1,500,000 to the Claims Administrator, no later than ten (10) days following the Effective Date.

10.     The Court further directs the Claims Administrator, to within ten (10) calendar days of the Effective Date as that term is defined by the Settlement Agreement, Paragraph 8, to disburse to those persons and entities referenced below, in the manner set forth, the following sums:

a. Individual Settlement Payment checks in accordance with the Settlement Agreement to those members of the Class who did not request

**REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**

to be excluded from the Settlement by U.S. First Class Mail, as calculated by Simpluris, Inc.;

      b. Class Representative Enhancement Award to Plaintiff Maria Sanchez in the sum of $5,000.00 delivered to Class Counsel;

      c. Attorneys' fees to Class Counsel in the sum of $400,000.00;

      d. Litigation expenses to Class Counsel in the sum of $9,469.77;

      e. PAGA Payment to the State of California Labor Workforce & Development Agency ("LWDA"), $18,750.00;

      f. Claims Administration services to Simpluris, Inc., in the sum of $24,000.00 for services rendered in connection with its duties and responsibilities to process claims and to disburse payments, respond to continuing inquiries from the class and the Parties in order to conclude its duties and responsibilities pursuant to the settlement.

11.    The Court retains jurisdiction over the administration and effectuation of the Settlement including, but not limited to, the ultimate disbursal to the participating Class Members, payment of attorneys' fees and costs, the enhancement award to the Class Representative, and the claims administration expenses and other issues related to this Settlement.

12.    Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

13.    Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments to participating Class Members in accordance with the Settlement.

14.    The Court hereby enters final judgment in this case

**REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**

1  in accordance with the terms of the Settlement Agreement, the Order

2  Granting Preliminary Approval of Class Action Settlement, and this Order

3  Granting Final Approval of the Class Action Settlement.  The Parties are

4  hereby ordered to comply with the terms of the Settlement.

5      15.    The Parties shall bear their own costs and attorneys'

6  fees except as otherwise provided by the Settlement Agreement and by this

7  Court's Order herein.

8

9  IT IS SO ORDERED.

10  Dated:  October 2, 2012

11  _____

12              Honorable John A. Kronstadt
              United States District Judge

- 5 -

**REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS**

**ACTION SETTLEMENT AND JUDGMENT**